Nicholas Stevens
Starr, Gern, Davison & Rubin, P.C.
105 Eisenhower Parkway
Roseland, New Jersey 07068-1050
Telephone: 973-403-9200
Telecopier: 973-226-0031
Attorneys for The Home Depot U.S.A., Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR AND KATHLEEN OPPERMAN, et al., | Civil Action No. 1:07CV1887 (RMB) |
| Plaintiffs, | |
| v. | |
| ALLSTATE NEW JERSEY INSURANCE COMPANY, et al., | |
| Defendants. | |

### NON-PARTY THE HOME DEPOT U.S.A., INC.'S
### REPLY BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA

Pursuant to Fed. R. Civ. P. 45, Non-Party The Home Depot U.S.A., Inc., ("Home Depot"), by and through its undersigned counsel, hereby submits its Reply Brief in Support of Motion to Quash Subpoena, respectfully showing this Court as follows:

### I. ARGUMENT AND CITATION OF AUTHORITY

**A.    The Subpoena Should be Quashed Because Plaintiffs Already Deposed Home Depot's 30(b)(6) Representative Regarding the Topics In the Subpoena.**

2708164

Plaintiffs' Subpoena should be quashed because Plaintiffs have already questioned Home Depot's 30(b)(6) representative regarding the topics contained in the Subpoena, and forcing Home Depot (who is not even a party to this case) to prepare for and attend a **second** 30(b)(6) deposition would subject it to undue burden.  See Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 45(c)(3)(iv) (where a subpoena "subjects a person to undue burden," the Court "**must** quash or modify" such a subpoena) (emphasis added).

In their Response, Plaintiffs contend that their deposition notice is not unduly burdensome because the six topics listed therein are "very narrow" and cover discreet and relevant areas of inquiry.  See Response [Doc. 224] at 2-3.  However, this argument misses the point.  The issue is not the breadth of the topics (though Home Depot disagrees with Plaintiffs' characterization of these topics as "very narrow").  Rather, the issue is the fact that Plaintiffs already questioned Home Depot's 30(b)(6) representative regarding all six of these topics during Plaintiffs' prior March 26, 2009 deposition of Home Depot.

For example, with respect to the first four topics listed in the Subpoena, Plaintiffs questioned Home Depot at the previous deposition (and received answers to these questions) regarding the definition and designation of the different categories of SKUs and active SKUs in particular markets.

See Transcript of March 26, 2009 deposition, a true and correct copy of which is attached hereto as Exhibit "A," at pp. 44:12-45:4, 83:7-84:13; 85:24-87:19.  Plaintiffs also asked Home Depot questions at the previous deposition (and received answers to same) about the fifth topic listed in the Subpoena, which relates to how Home Depot divides its stores into markets or merchandising groups.[1]  See Ex. A at pp. 59:20-60:5; 61:17-63:7; 116:2-117:18.  Finally, with respect to the sixth topic listed in the Subpoena, Home Depot also testified extensively at the prior deposition regarding the transfer of pricing data to Allstate.  See Ex. A at pp. 52:3-57:2; 73:10-74:21; 102:4-104:5; 110:3-24.

As set forth above, Plaintiffs had ample opportunity to question non-party Home Depot's representative at the prior deposition regarding all of the topics included in their most recent Subpoena, and Plaintiffs never raised any objection regarding the sufficiency of Home Depot's prior testimony.  To the extent that Plaintiffs failed to adequately cover these topics during the deposition, this failure is not the responsibility of Home Depot.  Moreover, the fact that Plaintiffs have apparently now decided -- nearly a year after the first deposition -- that they would like to ask some additional questions

---

[1] As set forth below in Section I.B., there is some information relating to this topic that Home Depot does not disclose to anyone, as such information is extremely sensitive and valuable, and Home Depot would suffer significant prejudice if its competitors ever obtained this information, either through intentional or unintentional disclosure by the receiving party.

regarding these same topics should not force Home Depot to incur the time and expense associated with preparing a witness and attending a **second** 30(b)(6) deposition, especially when it is not even a party to this case.[2]

**B.     The Subpoena Should Be Quashed Because It Seeks Home Depot's Confidential Business Information.**

The Federal Rules also provide that the Court may quash a subpoena that requests disclosure of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B)(i). Here, in addition to seeking confidential and proprietary information regarding Home Depot's pricing, Plaintiffs also seek to depose request information regarding Home Depots method for dividing its stores into markets or merchandising groups.

Like Home Depot's pricing information, this topic concerns Home Depot's confidential and proprietary information relating to its internal business management and structure.  This information is extremely sensitive and valuable to Home Depot, and Home Depot would suffer significant prejudice if its competitors ever obtained this information, regardless of whether the information was intentionally or unintentionally disclosed to Home Depot's competitors by the receiving party.  Accordingly, the

---

[2] Notably, Plaintiffs have provided no explanation for this nearly year long delay, despite their claim that the information is "central" to their case.

Subpoena should be quashed for this reason as well.  Fed. R. Civ. P. 45(c)(3)(B)(i).

## C.     The Subpoena Is Technically Deficient.

Federal Rule 45(a)(2)(B) clearly provides that a subpoena for a deposition "**must** issue ... from the court for the district where the deposition is to be taken."  See Fed. R. Civ. P. 45(a)(2)(B) (emphasis added).  In their Response, Plaintiffs concede that the Subpoena cannot compel Home Depot (which is headquartered in Atlanta, Georgia) to appear in New Jersey for a deposition, and that any such deposition would have to occur in Atlanta, Georgia (which is located in the Northern District of Georgia).  See Response [Doc. 224] at 1-2.  Accordingly, any subpoena compelling Home Depot to appear for deposition in Atlanta, Georgia **must** be issued by the U.S. District Court for the Northern District of Georgia.  Fed. R. Civ. P. 45(a)(2)(B).  Because the Subpoena here did not issue from the Northern District of Georgia, it is deficient as a matter of law.  Fed. R. Civ. P. 45(a)(2)(B).

## II.  CONCLUSION

For the foregoing reasons, Home Depot's Motion to Quash Subpoena should be GRANTED.

This 3rd day of March, 2010.

>Respectfully submitted,
>
><u>s/ Nicholas Stevens</u>
>STARR, GERN, DAVISON & RUBIN, P.C.
>Nicholas Stevens, Esq.
>105 Eisenhower Parkway
>Roseland, New Jersey 07068-1050
>     Telephone: 973-403-9200
>Telecopier: 973-226-0031
>
>MORRIS, MANNING & MARTIN, LLP
>John P. MacNaughton, Esq.
>*(admitted Pro Hac Vice)*
>Robert P. Alpert, Esq.
>*(admitted Pro Hac Vice)*
>1600 Atlanta Financial Center
>3343 Peachtree Road, N.E.
>Atlanta, Georgia 30326
>Tel: (404) 233-7000
>Fax: (404) 365-9532
>
>**Attorneys For Non-Party**
>**The Home Depot U.S.A., Inc.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **NON-PARTY THE HOME DEPOT U.S.A., INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA** was served via E-Filing and United States Mail, first-class and postage prepaid, to counsel of record, as set forth below, on this 3rd day of March, 2010.

Mary Pat Gallagher, Esquire
Steven Gerber, Esquire
ADORNO & YOSS LLP
155 Willowbrook Boulevard, Suite 300
Wayne, NJ 07470

Carey D'Avino, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103-3565

Kendra Kekelis Hartman, Esquire
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606

David M. Poore, Esq.
KAHN, BROWN & POORE, LLP
755 Baywood Drive, Suite 195
Petaluma, CA 94954

Michael DeBenedictis, Esquire
41 South Haddon Avenue, Suite 5
Haddonfield, NJ 08033

*s/ Nicholas Stevens*
Nicholas Stevens